IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIERRE WILSON, | : | |
|     Plaintiff, | : | No. 25-cv-1504-JMY |
| | : | |
| vs. | : | |
| | : | |
| CRESCENT HOTELS & RESORTS, LLC, | : | |
| D/B/A FOUR POINTS BY SHERATORN | : | |
| PHILADELPHIA AIRPORT, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                 January 5, 2026

      Currently before the Court is Defendant's Motion to Dismiss the Amended Complaint (hereinafter "Motion).  (Motion, ECF No. 5.)  In the Amended Complaint, Plaintiff advances claims based on purported violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act, the Pennsylvania Human Relations Act, and the Philadelphia Fair Practices Ordinance.

      The Court finds Defendant's Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, Defendant's Motion will be granted to the extent that Defendant requests dismissal of claims asserted under federal law and the Pennsylvania Human Relations Act.  The Court will decline to exercise supplemental federal subject matter jurisdiction over state law claims asserted under Philadelphia Fair Practices Ordinance because the Court has decided to dismiss all claims based on federal law.

**I.**     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

      In mid-December of 2023, Plaintiff was terminated/fired from his job as a cook for Defendant, Crescent Hotels & Resorts d/b/a Four Points by Sheraton Philadelphia Airport

(hereinafter "Defendant").  Thereafter, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") which was digitally signed on March 15, 2024.  (Charge of Discrimination, Response in Opposition Exhibit 1, ECF No. 10-2.) Plaintiff's Charge of Discrimination was dually filed with the Pennsylvania Human Relations Commission.  (*Id.*; Amended Complaint ¶ 15, ECF No. 3.)  Plaintiff brought his Charge of Discrimination against an entity named Sheraton Philadelphia Northeast which he identified as being located at 9461 Roosevelt Boulevard.  On December 20, 2024, the EEOC dismissed Plaintiff's Charge of Discrimination and issued a Determination and Notice of Rights. (Determination and Notice of Rights, Response in Opposition Exhibit 2, ECF No. 10-3.)  In its Determination and Notice of Rights, the EEOC identified Marriot International, Inc. as the respondent in that administrative proceeding.  (*Id.*)

There is nothing in the record to establish that Defendant worked for Sheraton Philadelphia Northeast located at 9461 Roosevelt Boulevard and/or Marriot International, Inc. To the Contrary, Defendant argues that it has no relationship with Sheraton Philadelphia Northeast and/or Marriott International, Inc.  (Defendant's Reply page 1-2, ECF No. 11.)  In support of its argument, Defendant produced Plaintiff's pay subs for the relevant period of time to establish that Plaintiff worked for Defendant, Crescent Hotels & Resorts, LLC, which had a corporate address of 10306 Easton Place, Suite 430, Fairfax, Virginia 22030.  (Declaration of Caroline George ¶ 8, Motion to Dismiss Exhibit E, ECF No. 5-6.)  Defendant also produced a declaration signed by Defendant's Chief Legal Officer, Caroline George, in which she avers that Plaintiff worked for Defendant at Sheraton Hotel located at 4101B Island Avenue, Philadelphia, Pennsylvania 19153.  Caroline George further avers that Defendant has no relationship with Marriott International, Inc. which is a separate and distinct business entity.  (*Id.* ¶ 3.)  Caroline

2

George also avers that Defendant has no relationship with Four Points by Sheraton Philadelphia Airport which is located at 4101A Island Avenue, Philadelphia, Pennsylvania 19153, which is one of the locations where Plaintiff attempted service of process. (*Id.* ¶ 6; Affidavit of Service, ECF No. 7.)  Finally, Caroline George asserts that Defendant did not receive notice of the Charge of Discrimination that Plaintiff filed with the EEOC or the initiation of the above-captioned lawsuit until after July 14, 2025 when it receive a letter via first class mail from the Plaintiff. (Declaration of Caroline George ¶ 9; Plaintiff's Notice Letter, Motion to Dismiss Exhibit D, ECF No. 5-5.)

Plaintiff himself came forward with an email from Spencer D. Kiggins, Esquire, Counsel for Marriott International, Inc.  (Email from Spencer D. Kiggins, Esquire, Counsel for Marriott, Response in Opposition Exhibit 3, ECF No. 10-4.)  In this email Attorney Kiggins proclaims that Marriott International, Inc., does not own, operate, manage, maintain, or control Four Points by Sheraton Philadelphia Airport Hotel.  (*Id.*)  Attorney Kiggins further claims that Plaintiff was not its employee and that it did not employ or supervise anyone at Four Points by Sheraton Philadelphia Airport Hotel.  (*Id.*)

On March 20, 2025, Plaintiff filed a Complaint against Marriott International, Inc., whom Plaintiff purportedly believed was his correct employer in this matter.  (Complaint, ECF No. 1.) However, a review of Plaintiff's pay subs illustrates that he was employed by Defendant, Crescent Hotels, at the Sheraton Suites Philadelphia Airport Hotel.  (Declaration of Caroline George ¶ 7, Exhibit A, Pay Stub.)  On June 12, 2025, Plaintiff corrected this deficiency by filing an Amended Complaint to assert various employment discrimination claims against Defendant. (Amended Complaint pages 1-2.)  In the Amended Complaint, Plaintiff asserts claims for violations of Title VII, the Age Discrimination in Employment Act, the Pennsylvania Human

3

Relations Act and the Philadelphia Fair Practices Ordinance. (*Id.*) A review of the docket illustrates that Plaintiff did not file proof of service in relationship to claims asserted in the Complaint against Marriott International, Inc. (Civil Docket for Case No. 25-cv-1504-JMY.) Furthermore, Marriott International, Inc., did not enter an appearance, file a motion to dismiss, or enter into a stipulation to permit Plaintiff to file the Amended Complaint. (*Id.*) Plaintiff essentially unilaterally filed the Amended Complaint which sought to add Defendant as a new party without seeking leave of court.

On or about July 14, 2025, Plaintiff sent a letter, via first class mail, to Defendant requesting that Defendant waive service. (Plaintiff's Notice Letter.) This letter included, as an attachment, a copy of the Amended Complaint, Notice of Lawsuit, and Waiver of Service of Summons. (*Id.*) August 18, 2025, B&R Services for Professionals, Inc., served Ms. Tyrae, Assistant Manager at the Front Desk at 4101A Island Avenue, Philadelphia. (Affidavit of Service, ECF No. 7.) However, Defendant avers that it does not, and never, conducted business at 4101A Island Avenue, Philadelphia, Pennsylvania, and that 4101A Island Avenue is not its business address. (Declaration of Caroline George ¶ 4 & 8, ECF No. 11-4.) Defendant further avers that on February 1, 2024, it ceased all operations at the location where Plaintiff worked – Sheraton Suites Philadelphia Airport Hotel located a 4101B Island Avenue, Philadelphia, Pennsylvania. (*Id.* ¶ 2-3, ECF No. 11-1.)

Defendant's Motion is now before the Court.

## II.     LEGAL STANDARD:

### A.     Legal Standard – Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6):

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 550 U.S. at 679); *accord Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011), *cert. denied*, 2012 U.S. LEXIS 2594 (Apr. 2, 2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

    **B.**    **Legal Standard – The Relation Back Doctrine under Federal Rule of Civil Procedure 15(c)**:

Under Fed. R. Civ. P. 15(c), an amendment to a pleading that adds a new party relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading" and "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment[] received such notice of the action [so] that it will not be prejudiced in defending on the merits; and knew or should have known that the action would

5

have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P 15(c)(1)(B) and (C).

The plaintiff seeking leave to amend a pleading has the burden of demonstrating that each element has been satisfied. *Muhammed v. Pawlowski*, No. 11-cv-5004, 2012 WL 748411, at *2 n. 3 (E.D. Pa. Mar. 7, 2012). "If the amendment relates back to the date of the filing of the original complaint, the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time." *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003).

Generally speaking, the Third Circuit has recognized two methods of imputing notice to a newly added defendant. *Ferencz v. Medlock*, 905 F. Supp. 2d 656, 668 (W.D. Pa. 2012). "First, notice may be imputed by the 'shared attorney' method – whereby the individual, previously unnamed defendant received timely notice because of sharing an attorney with an originally named defendant." *Ferencz*, 905 F. Supp. 2d at 668. In this situation, there must be representation by the shared counsel within the prescribed period for serving the summons and complaint. *Id.* at 668-69 (citing *Garvin v. City of Phila.*, 354 F.3d 215, 223 (3d Cir. 2003)). "Second, notice may be imputed by the 'identity of interest' method—whereby the individual defendant received timely notice because he had an identity of interest with an originally named defendant." *Id.* at 669 (citing *Brown v. City of Phila.*, No. 09-cv-5157, 2010 WL 1956245, at *4 (E.D. Pa. May 7, 2010) (citing *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 196 (3d Cir. 2001))). An identity of interest exists when "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary*, 266 F.3d at 197.

6

### III.   DISCUSSION:

Defendant argues, *inter alia*, that the claims advanced by Plaintiff should be dismissed because Defendant was added to this lawsuit when Plaintiff filed the Amended Complaint on June 12, 2025, which was more than 90 days after EEOC issued its Determination and Notice of Rights.  (Memorandum of Law in Support of Motion page 6, ECF No. 5-7.)  As such, Defendant argues that this litigation is time barred under 42 U.S.C.S. § 2000e-5(f)(1) which requires that a plaintiff who seeks to pursue an employment discrimination claim based on federal law in federal court must file suit within ninety days after the EEOC issues its notice of dismissal.  (Motion to Dismiss ¶ 4, Section A.); *McGovern v. City of Phila.*, 554 F.3d 114, 115 n.1 (3d Cir. 2009).  The 90-day period of time functions as a statute of limitations and tolls only in limited circumstances, such as when "the defendant has actively misled the plaintiff; when the plaintiff in some extraordinary way was prevented from asserting his rights; or when the plaintiff timely asserted his rights in the wrong forum."  *Seitzinger v. Reading Hosp.*, 165 F.3d 236, 240 (3d Cir. 1999); *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (Noting that a plaintiff must file a private action within 90 days of the EEOC's decision not to pursue the administrative charge.).

In its Motion, Defendant also argues that Defendant failed to exhaust administrative remedies because it was not named in the Charge of Discrimination that was dually filed with the EOCC and Pennsylvania Human Relations Commission.  (Memorandum of Law in Support of Motion to Dismiss page 11.)  Finally, Defendant challenges personal jurisdiction by arguing that it was not properly served with the Complaint or Amended Complaint in this matter.[1]  (*Id.* page 9.)

---

[1] Since Plaintiff's claims fail for the reason stated *infra*, the Court need not address personal jurisdiction over the Defendant.  *See*, *e.g.*, 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.6

Plaintiff opposes the concept that the claims he asserts against Defendant in the Amended Complaint are time barred based on the application of 42 U.S.C.A. § 2000e-5(f)(1). (Response in Opposition page 5, ECF No. 10-1.) Plaintiff cites to the relation-back doctrine in an attempt to circumvent the fact that he failed to file the Amended Complaint naming the Defendant, Crescent Hotels, as the proper party within 90 days of receiving the Determination and Notice of Rights from the EEOC. (*Id.*) Plaintiff argues that application of the relation-back doctrine saves his lawsuit. Plaintiff also argues that he exhausted administrative remedies in relationship to the Charge of Discrimination that he dually filed with the EEOC and the Pennsylvania Human Relations Commission. (*Id.*)

**A.     The Relation-Back Doctrine Does Not Save Plaintiff's Federal Employment Discrimination Claims based on Title VII or the Age Discrimination in Employment Act:**

The relation-back doctrine does not save Plaintiff's federal employment discrimination claims because Plaintiff cannot establish that Defendant had the requisite notice under Fed. R. Civ. Pro. 15(c). Fed. R. Civ. Pro. 15(c) reads in relevant part, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment [must have] received such notice of the action [so] that it will not be prejudiced in defending on the merits; and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

---

(4th ed. 2020) ("Alternatively, when the jurisdictional question is complex or difficult, a court simply may avoid the issue by resolving the suit on the merits when they clearly must be decided in favor of the party challenging jurisdiction, thereby obviating any need to decide the question; that approach is possible even when the jurisdictional issue lacks complexity."); *In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277, 329 (W.D. Pa. 2010) ("To streamline the decision making, courts, in situations where complex issues of personal jurisdiction exist and there is a pending motion which would be dispositive in favor of the party over whom jurisdiction is disputed, may defer ruling on the motion to dismiss and proceed to resolve the dispositive motion."); *see also Herrick v. Grindr LLC*, 765 F. App'x 586, 593 n.2 (2d Cir. 2019) ("Because the complaint must be dismissed in its entirety on the grounds of CDA immunity and failure to state claims, we need not address Grindr Holding's and KL Grindr's personal jurisdiction arguments.").

Plaintiff filed the Amended Complaint on June 12, 2025 within ninety (90) days after filing the original Complaint which is the time period afforded for service of process under Fed. R. Civ. P. 4(m).  However, the Amended Complaint was not mailed to the correct Defendant Crescent Hotels until July 14, 2025, which is around one hundred sixteen (116) days after filing of the original Complaint.  (Response in Opposition page 6-7.)  Plaintiff then speculates that Defendant definitively received notice of the lawsuit by July 17, 2025, one hundred and nineteen (119) days after filing of the initial lawsuit.  (Response in Opposition page 7.)  Therefore, Defendant did not receive the July 17, 2025 letter informing it of the dispute with Plaintiff until after the time for service of process under Fed. R. Civ. P. 4(m) had expired.  (*Id.*)  The fact that Plaintiff filed an "'amended complaint [did] not toll the Rule 4(m) service period' for an original complaint." *Moore v. Walton*, 96 F.4th 616, 626 (3d Cir. 2024) (quoting *McGraw v. Gore*, 31 F.4th 844, 849 (4th Cir. 2022).)  "The period provided by Rule 4(m) is not restarted by the filing of an amended complaint." *Id.* (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)).  "Rule 15(c)(1)(C)'s notice requirement 'looks to the Rule 4(m) period for serving the original complaint' not an amended complaint." *Id.* (citing *Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015)); *see also Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) (noting the newly added defendants "must have received notice of the institution of the action within [90] days following the filing of the action[.]").  No motion to dismiss was outstanding, and Plaintiff did not enter into a stipulation or seek an extension of time prior to filing the Amended Complaint.

Plaintiff now argues that notice can be imputed based on Defendant's alleged affiliation with the other business entities identified in the pleadings that were provided with notice of this dispute.  (Response in Opposition page 5.)  For example, Plaintiff suggests that the requirement

9

for the identity in interest method of imputing notice are satisfied because Defendant is affiliated with Marriott International. (*Id.*) Plaintiff avers that "upon information and belief, Defendant Crescent Hotels & Resorts, LLC, is a hotel management company that operates more than 120 properties across the United States and Canada which is approved to manage hotels affiliated with Marriott, Hilton, and Hyatt, including the Four Points by Sheraton Philadelphia Airport, located at 4101A Island Avenue, Philadelphia, PA 19153 and is headquartered at 10306 Eaton Place, Suite 430, Fairfax, VA." (Amened Complaint ¶ 3.) Plaintiff purportedly "conducted research to indicate that the Four Points by Sheraton Philadelphia Airport used to be owned by Starwood Hotels & Resorts Worldwide, Inc. which was acquired by Marriott International in 2016." (Response in Opposition page 2.)

     The Court finds that Plaintiff has failed to meet his burden of establishing that Defendant had the requisite notice under the relation-back doctrine because allegations asserted by Plaintiff are insufficient to establish notice based on the identity in interest method of imputed notice. In reaching this conclusion, the Court credits the declaration provided by Caroline George in which she avers that Defendant did not receive notice of the EEOC administrative action or initial Complaint until after it received the Plaintiff's July 14, 2025 letter. The Court also credits affiant George's claim that Defendant has no relationship with Marriot International, Inc. or Sheraton Four Points Philadelphia Airport, located at 4101A Island Avenue, Philadelphia, Pennsylvania 19153. (Declaration of Caroline George ¶¶ 3, 6.) The Court further credits the email from Attorney Kiggins in which he asserts that Marriott International does not own, operate manage, maintain, control, supervise or employ anyone at Four Points by Sheraton Philadelphia Airport hotel. (Kiggins' Email.) Attorney Kiggins further asserts that Marriott International did not employ Plaintiff. (*Id.*)

For these reasons, the Court finds that federal claims asserted in the Amended Complaint based on Title VII and the Age Discrimination in Employment Act are time-barred under Fed. R. Civ. P. 12(b)(6) because even if the allegations in the Amended Complaint are factually true, these claims have been asserted too late.  In the pleadings, Plaintiff appeals to the equitable powers of the Court and requests that the Court approve its method for service of process retroactively, and/or that the Court approve the Amended Complaint *ex post facto*.  (Response in Opposition page 8-9.)  After evaluating the facts and circumstances presented in this case, the Court will not grant Plaintiff's request for equitable relief because Defendant would undoubtedly suffer prejudice in formulating a defense if this case were to proceed at this time.  Defendant would suffer prejudice in the nature of fading memories, lost evidence, and an inability to secure witness testimony.  Therefore, the Court declines to exercise its equitable powers to permit Plaintiff to proceed against Defendant on these federal claims.

**B.     Claims Asserted in the Amended Complaint under the Pennsylvania Human Relations Act Will Be Dismissed Because Plaintiff Failed to Exhaust Administrative Remedies:**

The Court will dismiss claims asserted in the Amended Complaint based on the Pennsylvania Human Relations Act ("PHRA") because Plaintiff has failed to exhaust administrative remedies in relationship to PHRA claims.  The Court would also like to note that the failure to exhaust administrative remedies provides and alternative grounds for dismissing Federal Employment Discrimination Claims based on Title VII or the Age Discrimination in Employment Act.  As previously mentioned hereinabove, Plaintiff failed to correctly identify Defendant by name and/or address in the administrative Charge of Discrimination jointly filed with the EOCC and the Pennsylvania Human Relations Commission.  (Determination and Notice of Rights.)  Plaintiff's failure to correctly name and identify Defendant is crucial because as a

general matter, claims under the PHRA "may be brought only against a party previously named in an [administrative] action." *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, Pa.*, 903 F.2d 243, 251 (3d Cir. 1990); *see also Kunwar*, 135 F. Supp. 2d at 653 (applying the federal naming requirement to PHRA actions). The Pennsylvania Human Relations Act states:

> Any person claiming to be aggrieved by an alleged unlawful discriminatory practice may make, sign and file with the Commission a verified complaint, in writing, which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful discriminatory practice complained of, and which shall set forth the particulars thereof and contain such other information as may be required by the Commission.

43 Pa. Stat. Ann. § 959.

Federal courts have consistently interpreted this provision to mean that the same exhaustion of administrative remedies standards apply to both federal employment discrimination claims and PHRA claims. *See Kunwar v. Simco, a Div. of Illinois Tool Works, Inc.*, 135 F. Supp. 2d 649, 653 (E.D. Pa. 2001); *see also Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013); *see also Jankowski v. Fanelli Bros. Trucking Co.*, No. 13-cv-2593, 2014 WL 690861, at *4 (M.D. Pa. Feb. 24, 2014).

A PHRA suit "ordinarily may be brought only against a party previously named in an [administrative] action." *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, Pa.*, 903 F.2d 243, 251 (3d Cir. 1990); *see also Kunwar*, 135 F. Supp. 2d at 653 (applying the federal naming requirement to PHRA actions). The Third Circuit first recognized an exception to this general naming requirement in *Glus v. G. C. Murphy Company*, 562 F.2d 880, 888 (3d Cir. 1977). Therein, the Third Circuit articulated a four-factor balancing test which determines whether a plaintiff is exempt from the naming requirement. *Glus*, 562 F.2d at 888. The factors are:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. Consideration of these factors should be initially in the hands of the district court.

*Glus*, 562 F.2d at 888.

In *Schafer v. Board of Public Education of the School District of Pittsburgh, Pennsylvania*, 903 F.2d at 252, the Third Circuit refined *Glus* to only allow a suit to proceed "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *See also Jankowski*, 2014 WL 690861, at *4. The *Schafer* Court affirmed the *Glus* factors, but ultimately declined to apply them because the court found the unnamed party lacked notice and a commonality of interests. *Schafer*, 903 F.2d at 252.

Many courts in the Third Circuit have read the *Schafer* notice requirement to require plaintiffs to name a defendant in the body of an administrative charge if they fail to name them in the caption of the charge. *See Hills*, 978 F. Supp. 2d at 480; *see also Hess v. Twp. of Saint Thomas*, No. 23-cv-544, 2024 WL 1333371, at *5 (M.D. Pa. Mar. 28, 2024). However, other courts in the Third Circuit have read *Schafer* less strictly and have allowed actions to proceed where a defendant is not named anywhere in the administrative charge so long as the *Glus* factors otherwise weigh against dismissal. *See Lowenstein v. Cath. Health E.*, 820 F. Supp. 2d 639, 645 (E.D. Pa. 2011); *see also Diep v. Southwark Metal Mfg. Co.*, No. 00-cv-6136, 2001 WL 283146, at *4 (E.D. Pa. Mar. 19, 2001).

Courts in this district have generally held that an administrative charge must reference defendants and their actions with enough specificity to put the defendants on notice of their

potential personal liability.  *See Jankowski*, 2014 WL 690861, at *8 (dismissing a PHRA claim where "the [administrative] Charge failed to provide [the unnamed defendants] with notice that they would be subject to suit"); *see also Risser v. Steelton-Highspire Sch. Dist.*, No. 17-cv-357, 2017 WL 5625766, at *5 (M.D. Pa. Nov. 22, 2017) (dismissing a PHRA claim where the administrative charge was "devoid of reference to [defendant] or her alleged actions").  Courts should dismiss a PHRA claim where the administrative charge fails to reference the defendant unless the complaint alleges the defendant was informed of their potential liability prior to the plaintiff filing the administrative charge.  *Compare Jankowski*, 2014 WL 690861, at *5 (dismissing PHRA claims where an administrative charge failed to give unnamed defendants notice of their personal liability but granting leave to amend), *with Jankowski v. Fanelli Bros. Trucking Co.*, No. 13-cv-2593, 2014 WL 1612600, at *8 (M.D. Pa. April 22, 2014) (denying a motion to dismiss an amended complaint in the same action because the amended complaint alleged the unnamed defendants were informed of their potential personal liability prior to plaintiff filing their administrative charge).

Here, the Court finds that Plaintiff failed to exhaust his administrative remedies because the Charge of Discrimination does not name the Defendant or reference it with any particularity.  Therefore, the Charge of Discrimination does not provide Defendant with notice of its potential liability.  *Risser*, 2017 WL 5625766, at *5 (finding an administrative complaint "devoid of reference to [defendant] or her alleged actions" fails to provide notice.)  As previously mentioned hereinabove when discussing the relation-back doctrine under Fed. R. Civ. P. 15(c), there is nothing in the record to establish that Defendant was provided with timely notice of this lawsuit or the Charge of Discrimination.  In the Charge of Discrimination, Plaintiff identified the respondent as Four Points by Sheraton Philadelphia Northeast located at 9461 Roosevelt

Boulevard, Philadelphia, Pennsylvania 19114.  Plaintiff did not identify Defendant in the body of the Charge of Discrimination.  In addition, Plaintiff refers to his coworkers and supervisors – Defendant's employees – by their first names only.  Plaintiff failed to identify these individuals by full name in the body of the Charge of Discrimination.  Finally, the Determination and Notice of Rights was forwarded to Marriott International, Inc.  However, as previously mentioned hereinabove, Plaintiff fails to establish that there is any business relationship between Defendant and Marriott International.

Even though Plaintiff's PHRA claims fail under the *Schafer* notice requirement, courts generally still consider the *Glus* factors even after determining a defendant lacked notice.  *See Jankowski*, 2014 WL 690861, at *8; *see also La Coe v. Pa. State Univ.*, No. 14-cv-1818, 2016 WL 1162344, at *6 (M.D. Pa. Mar. 24, 2016).  The Court finds that Plaintiff's PHRA claims also fail under the *Glus* factors.

The first *Glus* factor weighs in favor of dismissal.  The first *Glus* factor – whether the role of the unnamed defendant in the discriminatory actions was known or could have been known at the time of the administrative charge – weighs in favor of dismissal when the plaintiff knew or could have known a defendant's "role in the alleged violation of his rights." *Jankowski*, 2014 WL 690861, at *8.  As previously mentioned hereinabove, the Defendant's name and address clearly appears at the top of Plaintiff's pay stub.  Therefore, the identity and location of Plaintiff's employer was readily ascertainable at the time when he filed the Charge of Discrimination.

The second *Glus* factor – the similarity of interests between the unnamed and named parties – weighs in favor of dismissing Plaintiff's claims against Defendant.  Plaintiff suggests that Defendant share interests with Marriot International, Inc.  However, as previously

mentioned hereinabove, Plaintiff fails to develop his claim that the two companies are purportedly affiliated. Accordingly, the second *Glus* factor weighs in favor of dismissal of claims brought against Defendant.

Regarding the third *Glus* factor – prejudice towards the unnamed defendant – the Defendant's prejudice will be presumed because Defendant did not have the opportunity to "compromise voluntarily [while the action was pending at the administrative level] prior to litigation." *Wise v. United Parcel Serv., Inc.*, No. 18-cv-01989, 2019 WL 1896605, at *4 (M.D. Pa. Apr. 29, 2019); *see also La Coe*, 2016 WL 1162344, at *6 (stating "[p]lacing an unnamed defendant on notice five months late in relation to the filing of the charge squandered a significant period of time in which informal resolution could have been attempted"). Defendant's prejudice can also be presumed in this instance because if the lawsuit were to go forward, Defendant would be required to litigate claims that arose from a workplace dispute that occurred in December of 2023 when it did not receive notice of the dispute until over a year and a half after the incident occurred in July of 2025. This timeframe is well outside the time period allocated under the PHRA for filing a Charge of Discrimination which in turn suggests that Defendant will suffer prejudice in the nature of fading memories, lost evidence, and an inability to secure witness testimony. Accordingly, the third *Glus* factor weighs in favor of dismissal.

The *Glus* test is "not a mechanical one; no single factor is decisive. Instead, each factor should be evaluated in light of the statutory purposes of [the anti-discrimination statute] and the interests of both parties." *Glus v. G. C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980), *vacated on other grounds Retail, Wholesale & Dep't Store Union, AFL-CIO v. G.C Murphy Co.*, 451 U.S. 935 (1981); *see also Jankowski*, 2014 WL 1612600, at *6. "[T]he entire purpose of the PHRA's notice requirement is to enable formal resolution in advance of any formal

16

proceedings." *La Coe*, 2016 WL 1162344, at *6. Thus, the Court finds that the *Glus* factors weigh in favor of dismissal. For these reasons, the Court finds that Plaintiff has failed to exhaust administrative remedies as required by the PHRA. The Court will, therefore, grant Defendant's motion to dismiss PHRA claims with prejudice.

**C.     The Court Will Decline to Exercise Supplemental Jurisdiction Over the Remaining State Law Claims Asserted under the Philadelphia Fair Practices Ordinance:**

A district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). In non-diversity cases where the court grants summary judgement or dismisses all federal claims before trial, the general rule is that a district court should decline to exercise supplemental jurisdiction over the state law claims absent "extraordinary circumstances." *Tully v. Mott Supermarkets, Inc.*, 540 F. 2d 187, 195 (3d Cir. 1976); *Johnson v. Trans Union, LLC*, No. 12-cv-5272, 2013 U.S. Dist. LEXIS 71538, *12 (E.D. Pa. May 21, 2013) (declining to exercise jurisdiction over state claims since federal claims did not survive dismissal which eliminated original jurisdiction).

Having found that there is no federal question presented in this lawsuit, the Court will decline to exercise supplemental jurisdiction over claims asserted by Plaintiff under the Philadelphia Fair Practices Ordinance. In this lawsuit, Plaintiff sought to establish original federal court jurisdiction based on federal questions presented. Plaintiff did not plead or argue jurisdiction based on diversity of citizenship. Since the Court has dismiss federal employment discrimination claims asserted under Title VII and the Age Discrimination in Employment Act, it will decline to exercise jurisdiction over claims asserted under the Philadelphia Fair Practices Ordinance, and it will dismiss those claims without prejudice to be reasserted in a state or local proceeding.

**D.     Leave to Amend Will Not Be Granted:**

The Third Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. See, e.g., *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990). However, a court need not grant leave to amend when it would be an exercise in futility. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); see also *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).

Since defects in Plaintiff's pleadings cannot be cured with further amendment, all claims asserted in this lawsuit will be dismissed without leave to amend. See *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 879 (3d Cir. 2018)* ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss'").

**IV.    CONCLUSION:**

For these reasons, Defendant's Motion to Dismiss will be granted and this action will be dismissed. An appropriate order shall follow.

BY THE COURT:

  /s/ John Milton Younge
Judge John Milton Younge